UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOME SERVICING, L.L.C.
                                 CIVIL ACTION

VERSUS

                                 NUMBER 13-132-JJB-SCR

GRAYSTONE SOLUTIONS, INC.

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is a Motion to Compel filed by plaintiff Home Servicing, L.L.C. Record document number 26. The motion is opposed by defendant Graystone Solutions, Inc.[1]

Plaintiff, a specialty servicer of mortgage loans, filed this action in state court to recover damages resulting from the defendant's alleged breach of a contract to provided the plaintiff with a mortgage loan management software system, called FISERV/MortgageServ, and related support services.[2] Plaintiff alleged that after contracting with the defendant in 2008, it experienced numerous problems from 2011-2013 with the defendant's software product and the support services, which was in breach of the Home Servicing Agreement (hereafter, the "Agreement"). Plaintiff alleged that it notified the defendant in January 2013 that the Agreement was terminated because of this breach.

---

[1] Record document number 27. Plaintiff filed a reply memorandum. Record document number 30.

[2] Record document number 1-2, Home Servicing Agreement between Home Servicing, LLC and Graystone Solutions, Inc.

Plaintiff alleged that the defendant subsequently blocked the plaintiff's access to the software, which led to the plaintiff's inability to fulfill its loan servicing obligations to its customers.

Defendant filed a counterclaim against the plaintiff alleging that its attempt to terminate the Agreement immediately was in breach of the Agreement terms.  Defendant asserted that the agreement required written notice from the plaintiff 180 days prior to the expiration of the renewed term, which would have been in March 2014.  Defendant alleged that the plaintiff owes amounts due for services rendered, termination fees for the conversion of the plaintiff's loans, and FISERV/MortgageServ account fees for the 14 months remaining under the Agreement.

On September 3, 2013, the plaintiff propounded interrogatories and requests for production of documents to the defendant.  After reviewing the defendant's responses, the plaintiff notified the defendant of certain deficiencies.  Plaintiff asserted that deposition testimony from several of the defendant's employees they confirmed that responsive documents had not been produced.  Plaintiff's continued requests for supplementation were unfulfilled, thus it filed this motion to compel.

In its reply memorandum the plaintiff revised its request for supplementation , noting that sufficient responses to Interrogatory Numbers 8 and 16 were provided.  The disputes over the remaining

discovery requests are resolved as follows.

**Interrogatory Number 2**

Plaintiff requested the identity of the defendant's witnesses, their contact information and the subject matter of their testimony.  In response, the defendant provided names of several witnesses but failed to include their contact information and the subject matter of their testimony.  Defendant asserted that several of these witnesses have already been deposed by the plaintiff, and therefore no additional information is needed.  Defendant also asserted that it does not have any contact information for some of the listed witnesses and that any additional information it obtains would be provided.

Defendant's response is deficient.  If the defendant names a witness, it must provide the contact information for the witness and a summary of the expected testimony.  If it does not have any contact information, then the defendant should state that.  Defendant must promptly supply witness contact information when it is obtained.  Defendant shall revise its response to include the specific information requested in this interrogatory for each person witness identified, except that the subject matter need not be provided for any person already deposed, nor the contact information for a person who provided it during a deposition.

**Interrogatory Number 9**

Plaintiff sought information concerning the defendant's clients that used certain features of FISERV/MortgageServ System. Although the plaintiff limited the request, the plaintiff failed explain how other clients' experiences with the defendant and the FISERV/MortgageServ System is relevant to the issues presented in this case. Defendant's response is sufficient.

**Interrogatory Number 12**

Plaintiff requested that the defendant identify every state or federal lawsuit involving the defendant where its client alleged servicing issues. For the same reasons discussed above, the plaintiff has failed to demonstrate the relevance of the information sought in this request.

**Interrogatory Number 18**

In this interrogatory, the plaintiff sought information concerning each contact person that the defendant had at FISERV/MortgageServ to provide support for its clients using the system. Defendant argued that when support services were needed, its employees would call a general phone number and assistance would be provided by an available representative. Defendant asserted that it did not maintain a list of the technical support employees who provided assistance on any particular technical issue. Defendant noted that one employee was put in direct contact

4

with the plaintiff to help with its issues, and the plaintiff already has this person's contact information.

This answer is sufficient. Although the plaintiff referenced testimony that indicates the defendant communicated online with a FISERV representative weekly to address ongoing issues, this testimony does not establish that the representative was the same person each week or that the defendant had a regular contact at FISERV.[3] Thus, the plaintiff has not sufficiently established the possibility that any additional responsive information exists. However, if such information does exist and the defendant fails to timely provide supplementation, it risks sanctions under Rule 37, Fed.R.Civ.P., including, but not limited to, being prohibited from using such unidentified witnesses to support its defenses/counterclaims.

**Interrogatory Number 20**

Plaintiff requested identification information for every employee and/or subcontractor of Graystone from January 2010 through December 2012. Defendant responded by stating that the employees referred to in their Answers to Interrogatories may have information relevant to the parties and issues. Defendant objected to providing any additional information because the interrogatory was overbroad, unduly burdensome, and irrelevant.

---

[3] Record document number 30, Exhibit I, deposition of Noel Manzanilla, pp. 60-61

Plaintiff has failed to persuasively show how any employee not directly involved with addressing the plaintiff's service issues would likely have information relevant to the subject matter of the case or reasonably calculated to lead to discovery of admissible evidence. Plaintiff may not conduct a fishing expedition based on the speculation that other employees of the defendant may have some additional information.

**Request for Production Number 8**

This request sought all documentation that references the plaintiff, including but not limited to, email communications between Graystone's employees, between Home Servicing's employees, or emails between Graystone and Home Servicing employees. Plaintiff argued that deposition testimony revealed the existence of IT minutes that should be produced in response to this request. Plaintiff additionally sought to reserve the right to compel the defendant to pay for travel, attorney fees and costs to re-depose witnesses regarding the withheld documents.

In its opposition memorandum, the defendant asserted that the loan boarding documents and IT Minutes would be furnished to the plaintiff on or before February 4, 2014. The record does not indicate whether the plaintiff has yet received these documents. Thus, the defendant shall produce the documents if it has not already done so. With respect to efforts to re-depose witnesses, the plaintiff may move for leave to re-depose witnesses and for

sanctions after the documents have been reviewed.

**Request for Production Number 9**

This request sought all documents which reference Home Servicing's clients. Defendant argued that this request was overly burdensome and not relevant. Defendant noted that this information was withheld from the plaintiff due to its failure to pay for services under the Agreement and that forced production of this information would allow the plaintiff to circumvent its payment obligations under the Agreement which are at issue in the defendant's counterclaim.

Plaintiff argued that the information requested is its property, i.e. their loan data, and thus cannot be withheld. However, the plaintiff has failed to demonstrate how the information requested is relevant to proving a disputed issue in this case. A motion to compel cannot be used to essentially get the benefits of a judgment in its favor. Although, the plaintiff claimed that it needed this information to determine whether or not the defendant corrupted their loan information through additional system failures, its argument is speculative and does not establish relevance to a claim or defense.

**Request for Production Number 10**

This request sought a redacted copy of the personnel files of Dave Miner and Terry Szyszkiewicz. Plaintiff asserted that the

7

personnel files are relevant because they would contain their employment histories and experience, which could then lead to information concerning the defendant's inability to correct its technical support failures on the FISERV/MortgageServ System after these employees left the defendant's employment, which is when the plaintiff's problems started. Defendant argued that because these witnesses have been deposed no further production is necessary unless the plaintiff can specify what additional information is needed from these files.

Plaintiff has not demonstrated the relevance of these files; its argument is speculative. The information sought is not reasonably calculated to lead to the discovery or relevant, admissible evidence.

**Request for Production Number 15**

Plaintiff requested communications between Graystone and Fiserv, Inc., or any affiliate thereof, that in any way references Home Servicing from January 2011 to date. Defendant argued that it was overbroad and unduly burdensome because it would cost great amounts of time and money to search and retrieve this information from its stored data.

Defendant's argument is unconvincing. The request is not overbroad. Defendant's argument concerning the burden of production is vague and factually unsupported. The argument that the data is not organized in a way that it can be searched is

likewise factually unsupported and therefore unconvincing. Defendant provided no information explaining how its data is organized and stored.

**Request for Production Number 16**

Plaintiff requested all documents regarding any internal complaints, administrative charges, and/or lawsuits against the defendant related to the lack of performance experienced by Graystone customers regarding the use of the FISERV/MortgageServ System. For the same reasons discussed above concerning Interrogatory Numbers 9 and 12, this request does not appear to seek relevant documents.

**Request for Production Number 18**

This request sought all training materials, videos and/or manuals used to train certain Graystone employees on how to perform their job duties. Plaintiff subsequently clarified that its request was limited to the training materials and manuals used to train Graystone employees to perform the duties it was contractually bound to provide to the plaintiff, i.e. FISERV/MortgageServ System service and support. Defendant asserted that no such documentation exists because the only training was conducted through on-the-job training from other co-workers and help screens referred to as "latitude documentation" on the FISERV/MortgageServ System.

Plaintiff argued that defendant's employee Janet Roach testified that the defendant provided a training workbook called Latitude: "Fiserv had Latiture, which was their training workbook, and it encompassed everything on the Fiserv system."[4] The deposition testimony clearly indicates the existence of physical workbook used to train Graystone employees on the FISERV/MortgageServ System.  Defendant did not present any evidence to refute or clarify this testimony.  Thus, they are required to provide the Latitude workbook discussed during the deposition.

## Conclusion

Accordingly, the Motion to Compel filed by plaintiff Home Servicing, L.L.C. is granted in part and denied in part.  Within 14 days, the defendant shall provide supplemental responses to Interrogatory Number 2 and Request for Production Numbers 8, 15 and 18, as discussed above.  No objections will be allowed.  In all other respects, the plaintiff's Motion to Compel is denied.  Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs.

Baton Rouge, Louisiana, March 5, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 30-1, Exhibit H, deposition of Jessica Roach, pp. 22-23.